## HUTTO ENGINEERING CO. v. GRINDER SALES CO.

### No. 5843.

Circuit Court of Appeals, Sixth Circuit.

May 9, 1932.

Stuart C. Barnes, of Detroit, Mich., for appellant.

Francis D. Hardesty, of Detroit, Mich., for appellee.

Before MOORMAN and HICKS, Circuit Judges, and HAHN, District Judge.

MOORMAN, Circuit Judge.

The Hutto Engineering Company appeals from a decree dismissing its bill brought against the Grinder Sales Company for infringement of patent No. 1,692,661 for a "Combined Abrasive and Carrier."

The patented device consists of a holder and abrasive in which the abrasive, in the form of a natural or artificial stone, is supported in the channel of the holder. It is a part of a tool used for grinding cylinders of internal combustion engines. The abrasive is adjusted in the channel of the holder by a jig assembling process and is held in position by pouring molten solder or babbitt through an opening in the back of the channel, which immediately hardens and ties the stone to the holder. The claims call for a combined abrasive and holder therefor adapted for replacement of similar articles used in a cylinder grinder, comprising a channel stone supporting base and a grinding stone or abrasive secured in the channel by means of rigid adherent material with its abrading surface in a determined relation, whereby on assembly in the tool the working face of the stone occupies a technically correct working position.

The trial court held that the device was old and overruled the contention that it was patentable because of the method or process by which it was produced. We agree with this view. Long before the filing of the Hutto application, grinding stones permanently supported in channeled holders so that the grinding face of the stone was positioned in a predetermined relation to the holder and therefore to the rest of the tool were in common use. It is perhaps true that none of the makers of these prior art devices adjusted the stone in the channel by a jig assembling process or permanently fastened it therein by pouring molten solder or babbitt through an opening in the back of the holder, but all of them correctly positioned the stone in the channel and used self-hardening materials for the purpose of permanently fixing it in such position. All that Hutto does is to accomplish this old result in a way convenient to his method of making the article.

Appellant insists, however, that the patent discloses a new and a better way of producing the device which is apparent from the device itself, and therefore contends that, as so produced, the device is patentable. We find nothing in the claims that would justify our reading into them a method of production in order to sustain their validity as against substantially the same article in the prior art. The original application sought a patent on the article, but in prosecuting the application in the Patent Office appellant filed claims for a method of production and the Patent Office rejected them because they attempted to characterize an article of manufacture by stating conditions of the process of its manufacture, which process was "an entirely distinct and independent consideration." We think this ruling was correct. Hutto did not produce a "better" product by simple means, as was the case in Dunn Wire-Cut Lug Brick Co. v. Toronto Fire Clay Co., 259 F. 258 (6 C. C. A.), nor a "new product * * * different in kind or species from all other devices," as in Smith v. Goodyear Co., 93 U. S. 486, 494, 23 L. Ed. 952. What he did was to make a combined abrasive and carrier similar in all its elements and functions to those common to the art. Perhaps he did this in a more convenient and better way, but all the materials entering into the article and the result produced were old. Plainly the device itself is not patentable.

In the course of the trial below the appellant offered disclaimers limiting the claims to stone assemblies produced by a jig casting operation. By this step appellant attempted to change a claim for an old article to a claim to an article produced by a certain process. This is precisely what it was not permitted to do in the prosecution of its application in the Patent Office, and, as has been stated, we entirely agree with the Patent Office decision. Whether the appellant has discovered a new and useful process by which the old article of an abrasive stone and holder may be produced or whether the patent specifications would support method claims we need not consider, because appellant neither contested the ruling of the Patent Office nor attempted to file method claims as such. Having elected to rely on its article claims, the claims here in suit, the patent must stand or fall on such claims. Nestle-Le Mur Co. v. Eugene, Ltd. (C. C. A. 6) 55 F.(2d) 854, decided February 5, 1932.

The decree is affirmed.